IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TIMOTHY M. HOLLAND, | ) |
| Plaintiff, | ) |
| vs. | ) Civil Action No. 10-1019 |
| COMMISSIONER OF SOCIAL SECURITY, | ) |
| Defendant. | ) |

ORDER

AND NOW, this 3rd day of January, 2012, upon consideration of the parties' cross-motions for summary judgment, the Court, upon review of the Commissioner of Social Security's final decision, denying plaintiff's claim for supplemental security income benefits under Subchapter XVI of the Social Security Act, 42 U.S.C. §1381, et seq., finds that the Commissioner's findings are supported by substantial evidence and, accordingly, affirms. See 42 U.S.C. §405(g); Jesurum v. Secretary of U.S. Department of Health & Human Services, 48 F.3d 114, 117 (3d Cir. 1995); Williams v. Sullivan, 970 F.2d 1178, 1182 (3d Cir. 1992), cert. denied sub nom., 507 U.S. 924 (1993); Brown v. Bowen, 845 F.2d 1211, 1213 (3d Cir. 1988). See also Berry v. Sullivan, 738 F. Supp. 942, 944 (W.D. Pa. 1990) (if supported by substantial evidence, the Commissioner's decision must be affirmed, as a federal court may neither reweigh the evidence, nor reverse, merely because it would have decided the claim differently) (citing Cotter v. Harris, 642 F.2d 700, 705 (3d Cir. 1981)).[1]

---

[1] The Court finds no merit in Plaintiff's argument that the case should be remanded to the Administrative Law Judge ("ALJ") for further consideration under 20 C.F.R. § 416.963(b). Plaintiff alleges that this is a borderline age situation pursuant to Section 416.963(b) because he was five months short of his 50th birthday on the date that the ALJ issued his decision and because the ALJ failed to acknowledge or discuss this situation. The Court disagrees.

disagrees.

The Medical-Vocational Guidelines, 20 C.F.R Pt. 404, Subpt. P, App. 2 (the "Grids") have been promulgated by the Commissioner of Social Security ("Commissioner") to facilitate the determination as to whether a claimant is disabled. The Grids take into consideration the claimant's physical abilities, age, education, and work experience and direct a finding of disabled or not disabled based on the combination of these factors. However, where a claimant has non-exertional limitations, as well as exertional ones, an ALJ cannot rely solely on the Grids. See Sykes v. Apfel, 228 F.3d 259 (3d Cir. 2000).

Here, the ALJ consulted the Grids, using them as a "framework." In that regard, he found Plaintiff to be a "younger person" pursuant to Section 963(c), which, under the facts of this case, would have called for a finding of not disabled. However, because the ALJ found that Plaintiff had non-exertional limitations, he did not rely solely on the Grids, but, rather, he relied on the testimony of a vocational expert ("VE") in making his determination. (R. 16). The VE was told to consider Plaintiff's age, education, and work experience and told to assume Plaintiff could perform sedentary work with certain non-exertional limitations. The VE found that Plaintiff could perform jobs in the national economy, and the ALJ, accordingly, found that Plaintiff was not disabled. (R. 16-17, 27). Plaintiff claims that because his age was just five months short of the next age category which, under the Grids, would have led to a finding of disabled, the ALJ should have considered his case to be a borderline age situation. He asserts that the ALJ erred in failing to analyze whether the next higher age category, person closely approaching advanced age, should have been applied pursuant to Section 416.963(b).

Section 416.963(b) provides that the Commissioner "will not apply the age categories mechanically in a borderline situation." 20 C.F.R. § 416.963(b). It further provides that if a claimant is "within a few days to a few months of reaching an older age category, and using the older age category would result in a determination or decision that [the claimant is] disabled, [the Commissioner] will consider whether to use the older age category after evaluating the overall impact of all the factors in [the claimant's] case." Id. In borderline situations, the ALJ "cannot mechanically apply the Grids' age categories, but must 'give full consideration to all relevant facts.'" Lucas v. Barnhart, 184 Fed. Appx. 204, 206 (3d Cir. 2006) (quoting Kane v. Heckler, 776 F.2d 1130, 1133-34 (3d Cir. 1985)).

The regulations do not define the term "few," and courts have held that there is no brightline rule for what constitutes a borderline situation. See Vaughn v. Astrue, 2011 WL 1628031, at *5 (W.D. Pa. Apr. 28, 2011). The Third Circuit has held that falling within 48 and 106 days can qualify as a borderline situation, see Kane, 776 F.2d at 1130 and Lucas, 184 Fed. Appx. at 204, but has not established any hard and fast rules for making this determination. Clearly, the Commissioner or the courts could create a specific cutoff for borderline situations, but have chosen not to do so. Accordingly, it would appear that courts should consider not only the amount of time between a claimant's age and the cutoff for the next age category, but the surrounding circumstances as well.

Here, all of the circumstances indicate that this is not a borderline situation. First, Plaintiff was five months from reaching an older age category. While some courts have found five months to constitute a "few" months, this Court finds that, at best, five months would be at the outer limits of any reasonable definition of "few." Equally significant here is that the ALJ did not merely rely upon the Grids in determining that Plaintiff was not disabled. Although he used the Grids as a framework, he ultimately relied on the testimony of a VE in making his determination. Accordingly, the ALJ did not "mechanically" apply the Grids based on Plaintiff's status as a younger person, but rather relied on a VE considering Plaintiff's actual age and all of his limitations. Finally, the Hallex, which interprets Section 963(b) and sets forth the procedure for an ALJ to properly determine whether a borderline situation exists, provides that an ALJ should determine whether there are additional vocational adversities in determining which age category to use. See Hallex, II-5-3-2. No such adversities appear on the record here.

Therefore, IT IS HEREBY ORDERED that plaintiff's Motion for Summary Judgment (document No. 6) is DENIED and defendant's Motion for Summary Judgment (document No. 9) is GRANTED.

s/Alan N. Bloch<br>United States District Judge

ecf:    Counsel of record

---

Indeed, this case is similar to Roberts v. Barnhart, 139 Fed. Appx. 418 (3d Cir. 2005). There, the claimant was a 49-year-old who was 5-6 months short of her 50th birthday. The ALJ found the claimant to be a younger individual pursuant to the regulations; however, the ALJ did not merely apply the Grids, but consulted a VE because the claimant could not perform a full range of light work. The Third Circuit affirmed the district court's judgment that substantial evidence supported the ALJ's conclusion that the claimant was not disabled. In so holding, the court dismissed claimant's argument that he was entitled to reclassification at a higher age category, stating that there is no "authority extending the benefits of a 'borderline' age determination to persons like [claimant] who are within five (5) to six (6) months of their fiftieth birthday." The court further stated, "In any event, substantial evidence, including the unrefuted evidence provided by the vocational expert, supports the ALJ's conclusion that [claimant's] age was not a factor significantly limiting her vocational adaptability." Id. at 420. Essentially the same situation exists in this case.

This Court does not hold that five months per se constitutes a non-borderline situation. Rather, under the facts of this case, including the fact that a VE was relied upon and the fact that the record shows no additional vocational adversities, a borderline situation does not exist in this case. Accordingly, the ALJ did not err in failing to consider whether Plaintiff should be considered to be a person closely approaching advanced age, and, therefore, there is no need for remand for further discussion.